■ ELAINE K. LEFF, Respondent, v ARTHUR L. LEFF, Appellant. [612 NYS2d 830] —Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered March 8, 1993, which, *inter alia,* granted plaintiff's motion for summary judgment declaring the terms of the May 24, 1988 settlement agreement to be binding on defendant and directing defendant to pay the outstanding child support due thereunder, and dismissed defendant's counterclaim for intentional infliction of emotional distress for failure to prosecute pursuant to CPLR 3216, unanimously modified, on the law, to dismiss defendant's

counterclaim for lack of merit pursuant to CPLR 3212 (b), and otherwise affirmed, without costs.

Defendant has failed to allege sufficient evidentiary facts in support of his affirmative defense that he was fraudulently induced to enter the subject settlement. None of the elements of fraud, except for scienter, are even pleaded, and the scienter allegations are entirely conclusory. In any event, defendant surely was in a better position than plaintiff to ascertain the status of the matter about which he claims he was misled by plaintiff and this carelessness on his part cannot be made into a fraud on plaintiff's part.

Defendant's counterclaim for intentional infliction of emotional distress, apparently arising out of the claimed fraud, is deficient for the same reasons, but should not have been dismissed pursuant to CPLR 3216 (a), in the absence of the written demand required by CPLR 3216 (b) (3). However, to reverse for this reason, when dismissal inevitably would follow because of defendant's inability to sufficiently allege the underlying fraud, would exalt form over substance. Accordingly, we grant plaintiff summary judgment dismissing the counterclaim pursuant to CPLR 3212 (b). Concur—Carro, J. P., Rosenberger, Ross, Asch and Tom, JJ.